UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                  :
                                                       :          Chapter 11
PUBLISHERS CLEARING HOUSE LLC,                         :
                                                       :          Case No. 25-10694 (MG)
                           Debtor.                     :
------------------------------------------------------------x

### ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the application of the above-captioned debtor and debtor-in-possession (the "Debtor") for an order, pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 3003(c)(3), fixing a deadline (the "Bar Date") and establishing procedures for filing proofs of claim and approving the form and manner of service thereof, and it appearing that the relief requested is in the best interests of the Debtor, its estate, and creditors and that adequate notice has been given and that no further notice is necessary; and after due deliberation and good and sufficient cause appearing therefor, it is hereby

**ORDERED**, that except as otherwise provided herein, all persons and entities, (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) that assert a claim, as defined in Section 101(5) of the Bankruptcy Code, against the Debtor, which arose prior to the filing of the Chapter 11 petition on April 9, 2025 (the "Filing Date"), shall submit a written Proof of Claim, substantially in the form attached to the Motion as Exhibit C or Official Form B410, so that it is **actually received** by Omni Agent Solutions, Inc. ("Omni") on or before **July 14, 2025 at 5:00 p.m. (Eastern Time)** in accordance with this Order; and it is further

**ORDERED**, that notwithstanding any other provision hereof, proofs of claim filed by governmental units must be submitted so as to be **actually received** by Omni on or before **October**

1

**6, 2025 at 5:00 p.m. (Eastern Time)** (the date that is one hundred eighty (180) days after the date of the order for relief); and it is further

ORDERED, that the following procedures for the filing of proofs of claim shall apply:

(a) Proofs of claim must conform substantially to Official Bankruptcy Form No. 410;

(b) Each Proof of Claim, including supporting documentation, must be filed so that Omni **actually receives** the Proof of Claim on or before the applicable Bar Date either (i) electronically, by using the interface available on Omni's website at https://omniagentsolutions.com/PCH-Claims or (ii) using one of the methods as follows:

IF BY FIRST CLASS MAIL, OVERNIGHT OR HAND DELIVERY:

Publishers Clearing House LLC Claims Processing
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

A claimant submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that its Proof of Claim was received by Omni must submit a copy of the Proof of Claim (in addition to the original Proof of Claim) and a self-addressed, stamped envelope.

(c) Proofs of claim must (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and (iv) be denominated in United States currency.

(d) **Proofs of Claim must be submitted by mail, by hand, or through the Omni Website. Proofs of Claim submitted by facsimile or electronic mail will not be accepted and will not be deemed timely submitted**; and it is further

**ORDERED**, Proofs of Claim need not be filed as to the following types of claims:

(a) Any claim as to which the holder has already filed a proof of claim against the Debtor in the above-captioned case in a form substantially similar to Official Bankruptcy Form No. 410;

(b) Any claim that is listed on the Schedules filed by the Debtor, provided that (i) the claim is <u>not</u> scheduled as "disputed", "contingent" or "unliquidated"; <u>and</u> (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules; <u>and</u> (iii) the claimant does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(c) Any claim that heretofore has been allowed by Order of this Court;

(d) Any claim that has been paid in full by the Debtor;

(e) Any claim for which different specific deadlines have previously been fixed by this Court;

(f) Any claim allowable under § 503(b) and § 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtor's estate, except as otherwise provided below; and it is further

**ORDERED**, that pursuant to paragraphs 8 and 23 of the Court's *Final Order (I) Authorizing the Debtor to Enter into a Post-Petition Senior Secured Financing Facility; (II) Modifying the Automatic Stay; and (III) Granting Related Relief* [Dkt. No. 61], the DIP Factor shall not be required to file proofs of claim in this case for any claim allowed therein; and it is further

**ORDERED**, that Claims under section 503(b)(9) must be filed by the deadlines set forth

in this Order, and it is further

**ORDERED**, that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the date of entry of this Order, must file a proof of claim based on such rejection on or before the Bar Date, and any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the date of entry of this Order, must file a proof of claim on or before such date as the Court may fix in the applicable order authorizing such rejection; and it is further

**ORDERED**, that holders of equity interests in the Debtor need not file proofs of interest with respect to the ownership of such equity interest, <u>provided, however</u>, that if any such holder asserts a claim against the Debtor (including a claim relating to an equity interest or the purchase or sale of such equity interest), a proof of such claim must be filed on or prior to the applicable Bar Date pursuant to the procedures set forth in this Order; and it is further

**ORDERED**, that if the Debtor amends or supplements the Schedules subsequent to the date hereof, the Debtor shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be afforded thirty (30) days from the date of such notice to file proofs of claim in respect of their claims and shall be given notice of such deadline; and it is further

**ORDERED**, that nothing in this Order shall prejudice the right of the Debtor or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules; and it is further

**ORDERED**, that pursuant to Bankruptcy Rule 3003(c)(2), all holders of claims that fail to comply with this Order by timely filing a proof of claim in appropriate form shall not be treated

as a creditor with respect to such claim for the purposes of voting and distribution; and it is further

**ORDERED**, that the Bar Date Notice, substantially in the form annexed as Exhibit B to the Motion, is approved and shall be deemed adequate and sufficient if served by first-class mail at least thirty-five (35) days prior to the applicable Bar Date on:

(a) The United States Trustee;

(b) Counsel to the Committee;

(c) All persons or entities that have requested notice of the proceedings in the Chapter 11 Case;

(d) All persons or entities that have filed claims;

(e) All creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Schedules as holding claims;

(f) All parties to executory contracts and unexpired leases of the Debtor;

(g) All parties to litigation with the Debtor;

(h) The Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units; and

(i) Such additional persons and entities as deemed appropriate by the Debtor; and it is further

**ORDERED**, that the E-mail Notice, substantially in the form annexed as Exhibit D to the Motion, is approved and shall be deemed adequate and sufficient if served by e-mail on the Holders of Uncashed Checks with e-mail addresses that are known to the Debtor at least 35 days prior to the Bar Date; and it is further

**ORDERED**, that the Postcard Notice, substantially in the form annexed as <u>Exhibit E</u> to the Motion, is approved and shall be deemed adequate and sufficient if mailed to the Holders of Uncashed Checks for which the Debtor does not have e-mail addresses for at least 35 days prior to the Bar Date; and it is further

**ORDERED**, that pursuant to Bankruptcy Rule 2002(l), the Debtor shall publish notice of the Bar Date in substantially the form annexed to the Motion as <u>Exhibit F</u> (the "<u>Publication Notice</u>") once, in the National Edition of USA Today at least twenty-eight (28) days prior to the Bar Date, which publication is hereby approved and shall be deemed good, adequate and sufficient publication notice of the Bar Date; and it is further

**ORDERED**, that any person or entity who desires to rely on the Schedules will have the responsibility for determining that the claim is accurately listed in the Schedules; and it is further

**ORDERED**, that the Debtor and its Claims Agent, Omni Agent Solutions, are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED**, that entry of this Order is without prejudice to the rights of the Debtor to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Date established herein must file such proofs of claim or interest or be barred from doing so.

Dated: New York, New York
       May 21, 2025

                                          */s/Martin Glenn*
                                    THE HONORABLE MARTIN GLENN
                                    CHIEF UNITED STATES BANKRUPTCY JUDGE