**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| PUBLISHERS CLEARING HOUSE LLC, | ) | Case No. 25-10694 (MG) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**STIPULATION AND ORDER LIFTING STAY FOR PETT CLAIMANTS**

Debtor and debtor-in-possession Publishers Clearing House LLC ("Debtor"), Claimants

Mary Lou Pett, Kathleen Fick-Gee, Diane Bryce, Patti Delvalle, Michele Holcomb, Kim Readus,

Alice Reese, Erika Van Aller, and Linda White, individually and on behalf of all others similarly

situated ("Pett Claimants"), and the Official Committee of Unsecured Creditors in the Debtor's

case (the "UCC" and, together with the Debtor and Pett Claimants, collectively, the "Parties"),

enter into this stipulation (the "Stipulation"), by and through the undersigned, and hereby stipulate

and agree as follows:

**WHEREAS**, on June 22, 2022, the Pett Claimants initiated an action in the United States

District Court for the Eastern District of Michigan under the case number 2:22-cv-11389-DPH-

EAS, captioned *Pett, et al. v. Publishers Clearing House, Inc.*, alleging claims for violation of the

Michigan Preservation of Personal Privacy Act, H.B. 5331, 84th Leg. Reg. See., P.A., No. 378, §§

1-4 (Mich. 1988), *id.* § 5, added by H.B. 4694, 85th Leg. Reg. Sess., P.A. No. 206, § 1 (Mich.

1989) (the "PPPA") (the "Pett Action");

**WHEREAS**, on April 9, 2025, the Debtor filed a voluntary petition for relief under chapter

11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy

Court for the Southern District of New York (the "Bankruptcy Court") commencing the above-captioned chapter 11 case (the "Chapter 11 Case");

WHEREAS, pursuant to section 362 of the Bankruptcy Code, the Debtor asserts that the Pett Action is subject to an automatic stay (the "Stay");

WHEREAS, the Pett Claimants dispute that the Pett Action is properly subject to the automatic stay;

WHEREAS, the Pett Claimants filed a proof of claim against the Debtor in the Chapter 11 Case (Claim No. 155) in the amount of $414,895,000 (the "Claim"), which is subject to objection by the Debtor; and

WHEREAS, to avoid unnecessary litigation and undue delay and expense, the Debtor has agreed to lift the Stay of the Pett Action for the limited purpose, and solely to the extent necessary, to allow the Pett Claimants to proceed against available insurance proceeds, if any, for the potential satisfaction of their claims in the Pett Action, and the Pett Claimants have agreed to waive any and all right to seek a recovery from the Debtor's estate and proceed with pursuit of the Pett Action against applicable insurance coverage only, in each case upon the terms and subject to the conditions set forth herein.

NOW, THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE, by and through their undersigned counsel, as follows:

1.     The foregoing recitals are hereby fully incorporated into and made an express part of this stipulation and order (this "Stipulation").

2.     Upon the Effective Date, the Stay of the Pett Action is modified and lifted for the limited purpose, and solely to the extent necessary, to allow the Pett Claimants to continue to prosecute the Pett Action to final judgment or other resolution, including settlement, and engage

in one or more legal actions with insurers of the Debtor, provided, however, that any recovery by the Pett Claimants shall be limited solely to any Available Coverage (as defined herein) in connection therewith. In furtherance of the foregoing, the Stay of the Pett Action is modified to permit the insurers of the Debtor to pay defense costs related to, and any judgment on or other resolution (including settlement) with respect to, the Pett Action in accordance with this Stipulation and the terms and conditions of any applicable insurance policy.

3.      Upon the Effective Date, the Pett Claimants' recovery, if any, on account of claims in the Pett Action shall be limited to the extent of the insurance coverage and insurance proceeds available to the Debtor for such purpose under one or more insurance policies that cover the Pett Action, including any bad faith, statutory, or extracontractual rights against the insurers with respect to the Pett Action ("Available Coverage"). For the avoidance of doubt, Available Coverage does not include the following policies or any extensions or endorsements thereof: (i) National Union Fire Insurance Company of Pittsburgh, Pa., Policy Number 04-277-23-07 (replacing *04-910-73-84*); (ii) Everest National Insurance Company EZ Excess Policy, Policy Number PC5EX00627-241; (iii) Endurance Assurance Corporation (Sompo International), Policy Number ADX10010920507.  Other than as described herein, upon the Effective Date the Pett Claimants shall have no other rights to seek any recovery against the Debtor in the Pett Action.

4.      The Debtor shall solely be the nominal defendant in the Pett Action without financial recourse to the Debtor or its estate. This Stipulation shall not be construed as an admission of liability by the Debtor or its estate in connection with the Pett Action or Claim.

5.      In consideration of the foregoing modification of the Stay, upon the Effective Date the Pett Claimants waive all claims against, and rights to recover any dividend or distribution

from, the Debtor's bankruptcy estate on account of the Claim or the Pett Action or the subject matter thereof and agree to seek to recover only from the proceeds of any Available Coverage. As of the Effective Date, the Claim shall be deemed expunged without further order of the Bankruptcy Court.  The "Effective Date" shall mean the date upon which this Stipulation becomes final and non-appealable after being "So Ordered" by the Bankruptcy Court.

6.      Neither this Stipulation, nor any actions taken pursuant hereto, shall constitute evidence admissible against the Parties in an arbitration proceeding or any other action or proceeding other than one to enforce the terms of this Stipulation.

7.      Notwithstanding any other term or provision contained herein, this Stipulation is without prejudice to any of the rights, claims or defenses of any insurer under any applicable insurance policy, any agreements related to any insurance policy, and/or applicable law, all of which are expressly reserved.

8.      Each person who executes this Stipulation by or on behalf of a Party warrants and represents that such person has been duly authorized and empowered to execute and deliver this Stipulation on behalf of that Party.

9.      This Stipulation may not be modified, amended, or vacated other than by a signed writing by the Parties or by Order of the Bankruptcy Court.

10.     This Stipulation shall become binding and enforceable upon being "So Ordered" by the Bankruptcy Court.

11.     This Stipulation may be signed in counterpart by facsimile or other electronic signature for purposes of ECF filing.

12.     The Bankruptcy Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.

**AGREED AS TO FORM AND CONTENT:**

Dated:  August 21, 2025

| | |
|---|---|
| **KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP** | **BURSOR & FISHER, P.A.** |
| */s/ Tracy L. Klestadt* | */s/ Philip L. Fraietta* |
| Tracy L. Klestadt | Philip L. Fraietta, Esq. |
| Lauren C. Kiss | 1330 Avenue of the Americas, 32nd Floor |
| Stephanie R. Sweeney | New York, NY 10019 |
| 200 West 41st Street, 17th Floor | Telephone: (646) 837-7142 |
| New York, New York 10036 | Facsimile:  (212) 989-9163 |
| Tel: (212) 972-3000 | Email:  pfraietta@bursor.com |
| Fax: (212) 972-2245 | |
| Email: tklestadt@klestadt.com | *Counsel to Pett Claimants* |
| lkiss@klestadt.com | |
| ssweeney@klestadt.com | |
| | |
| *Counsel to the Debtor* | |

**RIMON PC**

*/s/ Brian Powers*

Brian Powers
100 Jericho Quadrangle, Suite 300
Jericho, NY 11753
Tel: (516) 479-6357
Email: brian.powers@rimonlaw.com

*Counsel to the UCC*

Dated:  New York, New York
        September 8, 2025

**/s/Martin Glenn**

HONORABLE MARTIN GLENN
CHIEF UNITED STATES BANKRUPTCY JUDGE